UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN J. RYCRAW,

Petitioner,

v.

DAVE SHAVER,

Respondent.

_____/

Case No. 21-cv-10294

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS* [#1]

### I. INTRODUCTION

Petitioner Steven J. Rycraw, a state inmate in the custody of the Michigan Department of Corrections, filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. ECF No. 1. The petition challenges Mr. Rycraw's plea-based conviction for first-degree criminal sexual conduct on grounds that: (1) the trial court abused its discretion when it denied his motion to withdraw his no-contest plea, and (2) his trial attorney failed to advise him what his sentence would be. *Id*. at PageID.5–7.

Respondent Dave Shaver argues that the Court should deny the petition because Mr. Rycraw's claims are not cognizable under habeas review, that they lack merit, and the state appellate court's rejection of the claims was not unreasonable. ECF No. 7, PageID.125. Mr. Rycraw replies that he had a viable

1

argument for withdrawing his plea and that his attorney was ineffective for failing to advise him that the sentencing cap of seven years was a cap on the minimum sentence, not the maximum sentence.  ECF No. 9, PageID.385–386.  Mr. Rycraw also requests an evidentiary hearing to ascertain whether trial counsel was, in fact, as ineffective as Mr. Rycraw claims he was.  *Id*. at PageID.387.

Having reviewed the pleadings and record, the Court agrees with Respondent that Mr. Rycraw's claims do not entitle him to the writ of habeas corpus.  Accordingly, the Court will DENY the petition.

## II. FACTUAL BACKGROUND

Following a preliminary examination in Calhoun County, Michigan, Mr. Rycraw was charged on two counts of first-degree criminal sexual conduct.  *See* MICH. COMP. LAWS § 750.520b(1)(f).  The charges arose from an incident in 2016, when Petitioner allegedly struck his former girlfriend on the nose with a cell phone, punched her ears with his fists, and then demanded that the girlfriend engage in oral and vaginal sex with him.  The woman's eardrum was ruptured during the incident, and she testified at the preliminary examination that she complied with Mr. Rycraw's demands for sex to stop him from beating her.  ECF No. 8-2, PageID.171–181.

On June 17, 2019, Mr. Rycraw pleaded no-contest in Calhoun County Circuit Court to one count of first-degree criminal sexual conduct.  In return, the prosecutor dismissed the other count of first-degree criminal sexual conduct and agreed to a sentence cap of seven years in prison.  ECF No. 8-4, PageID.235–236; ECF No. 8-1, PageID.159; ECF No. 8-7, PageID.315.

Mr. Rycraw subsequently acquired new counsel and moved to withdraw his no-contest plea on the basis that he thought the seven-year cap referred to the maximum sentence, not the minimum sentence.  He maintained his innocence and asked the trial court to allow him to withdraw his plea and go to trial.  ECF 8-6, PageID.251–253.  The trial court denied the motion and then sentenced Mr. Rycraw to prison for seven to twenty-five years with credit for ninety-five days already served.  *Id*. at PageID.273.

Mr. Rycraw filed a delayed application for leave to appeal in the Michigan Court of Appeals.  He claimed that the trial court abused its discretion when it denied his request to withdraw his plea and that his plea was not voluntary because he did not understand the plea agreement and because trial counsel was ineffective.  *See* ECF No. 8-7, PageID.279–280.  The Michigan Court of Appeals denied leave

to appeal "for lack of merit in the grounds presented." *See People v. Rycraw*, No. 352646, 2020 Mich. App. LEXIS 1944, at *1 (Mich. Ct. App. Mar. 12, 2020).[1]

Petitioner next applied for leave to appeal in the Michigan Supreme Court. He raised the same two claims that he presented to the Michigan Court of Appeals. ECF No. 8-8, PageID.357–364.  He also raised three new claims, which alleged that the prosecutor withheld information about another man's DNA, he was not arraigned in circuit court on a second charge of first-degree criminal sexual conduct, and he did not sign a plea agreement.  *Id*. at PageID.365–367.   On November 4, 2020, the Michigan Supreme Court denied leave to appeal because the court was not persuaded to review the questions presented to it.  *See People v. Rycraw*, 506 Mich. 950 (2020).  Finally, on January 28, 2021, Mr. Rycraw filed his habeas corpus petition.  ECF No. 1.

### III. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires inmates who challenge "a matter 'adjudicated on the merits in State court' to show that the relevant state-court 'decision' (1) 'was contrary to, or involved an

---

[1]   Judge Douglas B. Shapiro voted to remand the case to the trial court for an evidentiary hearing to determine whether Mr. Rycraw was properly advised that the seven-year cap on his sentence meant a cap on the minimum sentence and, if he was not so advised, to give Mr. Rycraw an opportunity to withdraw his guilty plea.

unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)). The Supreme Court has explained that:

> a state court decision is "contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent."

*Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

> "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, at 413, 120 S. Ct. 1495. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id.*, at 410, 412, 120 S. Ct. 1495. The state court's application of clearly established law must be objectively unreasonable. *Id.*, at 409, 120 S. Ct. 1495.

*Id.* at 75.

"AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt[.]'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal and end citations

omitted).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## IV. DISCUSSION

### A.  Mr. Rycraw's Motion to Withdraw his Plea

Petitioner alleges first that the trial court abused its discretion by denying his motion to withdraw his no-contest plea.  Mr. Rycraw asserts that he did not understand the plea agreement, and because his trial attorney pressured him to enter a plea, the plea was involuntary and unknowing.  ECF No. 1, PageID.5–6.

 "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Pudelski v. Wilson*, 576 F.3d 595, 611 (6th Cir. 2009) ("State law issues are not subject to habeas review[.]").  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  Additionally, a defendant has no absolute right to withdraw a no-contest plea. *Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

## 1. Clearly Established Federal Law

The constitutional question is whether Petitioner's plea was a valid waiver of his rights. A guilty plea or no-contest plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). That is because a guilty plea, and by extension a no-contest plea, "constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination." *Parke v. Raley*, 506 U.S. 20, 28–29 (1992) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)).

For a plea to be knowing or intelligent and voluntary, the defendant must receive notice of the nature of the charges against him, *Bousley*, 523 U.S. at 618, he must understand the charges and the constitutional protections that he is waiving, *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976), and he must be aware of the direct consequences of his plea, including the value of any commitments made to him, *Brady*, 397 U.S. at 755 (quoting *Shelton v. United States*, 246 F.2d 571, 572 n.2 (5th Cir. 1957) (en banc)).

In short, a plea that involves a waiver of constitutional rights must be "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748.  And the voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it."  *Id*. at 749.

### 2.  Application of the Law

At the plea hearing in Mr. Rycraw's case, the trial court explained the charges to him and the maximum penalty of life imprisonment for the crimes.  ECF No. 8-4, PageID.234–235.  Mr. Rycraw stated that he understood the charges, and after defense counsel explained the plea agreement to the trial court, Petitioner stated that was his understanding of the agreement as well.  *Id*. at PageID.235–236.  Mr. Rycraw then stated that, based on his understanding of the agreement, he wished to enter a plea.  *Id*. at PageID.236.

Continuing, Mr. Rycraw stated that he had reviewed the advice-of-rights form with his attorney, that he had read and understood his rights, that he had no questions about his rights, and that he understood by entering a plea, he was giving up his rights.  *Id.*  He also said that he understood he was giving up any future claim that it was not his choice to enter a plea.  *Id*. at PageID.237.  Mr. Rycraw then pleaded no contest to one count of first-degree criminal conduct.  *Id.*  He said that no one had promised him anything other than the plea agreement and that no

8

one was forcing him to enter a plea. *Id*.   Mr. Rycraw claimed to be entering his plea because it was his choice to do so, *id*. at 238, and after defense counsel explained that Petitioner would be subject to lifetime-reporting and the use of a GPS tether upon his release from prison, Mr. Rycraw stated that he still wished to have the court accept his plea. *Id*. at PageID.239–240.

Neither defense counsel, nor the prosecutor, were aware of any promises, inducements, or threats that had not been placed on the record. *Id*. at PageID.240. The trial court opined that Mr. Rycraw's plea was accurate and that he had made it freely, understandingly, and voluntarily. *Id*.

The record, as summarized above, supports the trial court's conclusion that Mr. Rycraw's plea was voluntary and knowing.  He was informed of the charges against him, the maximum penalty for the charges, and the value of the plea agreement.  Mr. Rycraw also acknowledged signing a waiver of his constitutional rights, and he claimed to understand everything that the trial court had explained to him.  There is no evidence in the record that Mr. Rycraw was coerced into pleading no-contest.  In fact, he claimed that it was his choice to do so.

Furthermore, at the subsequent hearing on Mr. Rycraw's motion to withdraw his plea, the trial court provided several reasons for denying the motion.  The court noted that there was no error in the plea proceeding, that Mr. Rycraw was advised

9

of the maximum penalty, and that Mr. Rycraw chose to accept the prosecutor's plea offer after claiming to understand the plea agreement. The trial court also stated that there was a possibility Mr. Rycraw would be paroled at the first opportunity and that there would be prejudice to the prosecution if Petitioner withdrew his plea because the complainant might not be available. The court deduced from Mr. Rycraw's two prior felonies and thirty-one prior misdemeanors that he understood how sentencing guidelines work. The court concluded that a withdrawal of the plea was not in the best interest of justice. ECF No. 8-6, PageID.259–260.

Mr. Rycraw maintains that he did not understand that the seven-year cap on his sentence was a reference to his minimum sentence. However, "habeas relief should not be granted by crediting a petitioner's subjective version of [his or] her understanding of the plea bargain." *See Hastings v. Yukins*, 194 F. Supp. 2d 659, 670 (E.D. Mich. 2002) (citing *Nichols v. Perini*, 818 F.2d 554, 558–59 (6th Cir. 1987)), *see also Bair v. Phillips*, 106 F. Supp. 2d 934, 940–41 (E.D. Mich. 2000)). Moreover, Mr. Rycraw expressed no confusion about the sentence or the plea agreement at his plea hearing, and he asked the trial court no questions.

The record does not support Mr. Rycraw's claim that his plea was unknowing or involuntary. Therefore, the decision of the Michigan Court of

Appeals—that Petitioner's claim lacked merit—was objectively reasonable, and Mr. Rycraw has no right to relief on his first claim.

### B. Trial Counsel

Mr. Rycraw's other claim is that his trial attorney was ineffective because the attorney failed to inform him what his sentence would be.   ECF No. 1, PageID.7.   Specifically, Mr. Rycraw alleges that his trial attorney failed to explain to him that the sentencing cap of seven years was a cap on the minimum sentence that could be imposed, not the maximum sentence.   ECF No. 9, PageID.386.

### 1.  Clearly Established Federal Law

Petitioner was entitled to effective assistance of counsel during the plea negotiations.  *Lafler v. Cooper*, 566 U.S. 156, 162 (2012).  But to prevail on his claim about his attorney, he must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  This test applies plea-based challenges based on ineffective assistance of counsel.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

In plea cases, the first part of the *Strickland* test requires showing that counsel's advice was not within the range of competence demanded of attorneys in

criminal cases.  *Id*. at 56–59 (citing *Tollett v. Henderson*, 411 U.S. 258 (1973), and *McMann v. Richardson*, 397 U.S. 759 (1970)).   The second or "prejudice" component of the test "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."  *Id*. at 59.  The defendant must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty or no contest and would have insisted on going to trial.  *Id*.

### 2.  Application of the Law

No one stated at the plea hearing in Mr. Rycraw's case that the seven-year sentencing cap applied to Mr. Rycraw's minimum sentence.   The prosecutor, however, stated at the subsequent hearing on Mr. Rycraw's motion to withdraw his plea that Mr. Rycraw's trial attorney had spent a lot of time with Petitioner.  ECF No. 8-6, PageID.255.  The prosecutor recalled how defense counsel had visited Mr. Rycraw in jail and then called or sent text messages to the prosecutor after normal work hours.  *Id*.  And on the day of the plea, the prosecutor apparently had to wait about an hour or an hour and a half while defense counsel talked with Mr. Rycraw and tried to negotiate a plea agreement with the prosecutor at the bottom of the sentencing guidelines.  *Id*.

It seems highly unlikely that defense counsel could have spent so much time with Mr. Rycraw and exerted so much effort to negotiate a plea agreement and yet

failed to explain the minimum and maximum sentences that his client was facing with and without a plea agreement.  Furthermore, as the trial court pointed out above, Mr. Rycraw had considerable experience with the criminal legal system and likely understood how sentencing guidelines worked.

Even if trial counsel's performance was deficient, Mr. Rycraw failed to show that the deficient performance prejudiced him.  He claims that, but for trial counsel's ineffectiveness, he would have gone to trial.  But a petitioner cannot satisfy the *Hill v. Lockhart* standard for prejudice merely by telling the Court that he would have gone to trial if he had gotten different advice.  *Shimel v. Warren*, 838 F.3d 685, 698 (6th Cir. 2016) (citing *Pilla v. United States,* 668 F.3d 368, 373 (6th Cir. 2012)).  To prevail on his claim, Mr. Rycraw "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Id.* (quoting *Pilla*, 668 F.3d at 373).

Had Mr. Rycraw gone to trial, he would have had to defend himself against two counts of criminal sexual conduct.  The complainant gave detailed and persuasive testimony to support the charges at the preliminary examination, and her testimony was corroborated by DNA evidence that linked Mr. Rycraw to the crimes.  ECF No. 8-6, PageID.253–254.  Thus, there is a strong possibility that Mr. Rycraw would have been convicted of two counts of criminal sexual conduct if he had gone to trial.

Mr. Rycraw also risked a greater sentence if he went to trial and was convicted. His own sentencing attorney stated that Mr. Rycraw was taking a risk in trying to withdraw his no-contest plea because the sentencing guidelines were "far above" what the plea agreement called for. *Id.* at PageID.252–253.

Under similar circumstances, a rational person would not have gone to trial if the person had been informed that the trial court could impose a minimum sentence of seven years. Therefore, trial counsel's performance did not prejudice Mr. Rycraw, and the state appellate court's rejection of his claim for lack of merit was not objectively unreasonable. Mr. Rycraw has no right to relief on his ineffective-assistance-of-counsel claim.

Although Mr. Rycraw requested an evidentiary hearing on his claim about trial counsel, he is not entitled to a hearing for the same reason that he has not established prejudice. *See Moore v. United States*, 676 F. App'x 383, 385–86 (6th Cir. 2017). Apart from his self-serving, conclusory statement that he would have gone to trial but for counsel's ineffectiveness, Mr. Rycraw has not alleged any facts indicating that he would have gone to trial had he known the seven-year sentencing cap applied to his minimum sentence. *Cf. id.* In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## V. CONCLUSION

For the reasons discussed above, Mr. Rycraw's petition for a writ of habeas corpus [#1] is DENIED.

IT IS FURTHER ORDERED that the Court DECLINES to issue a certificate of appealability because Mr. Rycraw has not made "a substantial showing of the denial of a constitutional right."   28 U.S.C.  §  2253(c)(2). Additionally, reasonable jurists could not disagree with the Court's resolution of Petitioner's claims, nor conclude that the issues presented to the Court deserve encouragement to proceed further.   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  If Mr. Rycraw appeals this decision, however, he may proceed *in forma pauperis* on appeal without further authorization from this Court, because he was granted pauper status in this Court, and an appeal could be taken in good faith.  28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3)(A)

**IT IS SO ORDERED.**

Dated:  January 11, 2022          /s/ Gershwin A. Drain
                                 GERSHWIN A. DRAIN
                                 UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 11, 2022, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager